[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 464 
As this case comes before us, it is manifest that, with the reversal of the judgment, so far as it rested upon the facts, the question of law remains whether, upon the allegations of the petition, power has been conferred by the statute to accomplish the purpose sought and stated therein. It appears in the petition, and it is the plain and undisputed fact, that what is proposed by the petitioner, as an alteration, or change, of its route and of its present terminus in the village of Greenwich, is to extend that route from that terminus and village to the village of Schuylerville, in the adjoining county of Saratoga, a distance of some seven miles. Authority to do this is claimed to be found in section 13 of the Railroad Law (L. 1890, ch. 565, as amended). That section, which is entitled "Change of route, grade or terminus," provides as follows: "Every railroad corporation, except elevated railway corporations, may, by a vote of two-thirds of all its directors, alter or change the route or any part of the route of its road or its termini, or locate such route, or any part thereof, or its termini, in a county adjoining any county named in its certificate of incorporation, if it shall appear to them that the line can be improved thereby, upon making and filing in the clerk's office of the proper county a survey, map and certificate of such alteration or change," etc. The language of the section, upon its face, seems to carry a rather broad grant of power and appears to afford some support to the argument of the plaintiff. It is argued that, where the corporate purpose is to change the terminus, *Page 466 
there must be an extension of route; for the only possible way to do so is by going beyond the existing terminus and locating the line; as otherwise, it would be contravening a clause of section 13, which provides that "no portion of the track of any railroad * * * shall be abandoned under this section." The trouble, or difficulty, with the language of this section is in its indefiniteness, in the respect claimed. Conceding, as I think we should, the propriety of giving to the statute as liberal a construction as the broadness of its apparent grant of power warrants, it, nevertheless, must be borne in mind that, in a case where it is sought, under cover of its authority, to take private property in invitum the owner, that authority must be seen to apply exactly to the case stated. In this case, we have a railroad corporation whose route, or line of road, was located between termini fixed by the charter at the village of Johnsonville, in Rensselaer county, and the village of Greenwich, in Washington county. It has been engaged in the operation of its railroad upon that route since 1879. Its avowed purpose, as stated in its petition, is to extend its route from its present terminus in the village of Greenwich to a village in the adjoining county of Saratoga. Does the language of section 13, when fairly construed, with reference to public policy, as well as to the intent of the statute, confer authority to construct an extension of the route, so as to create a new line of railroad, enabling thereby the company to reach some distant point and to cover new territory for its business operations? I think not. The section, in providing for an alteration or change of the route, or of any part of the route, of its road, or for the location of such route, or any part thereof, in an adjoining county, in my opinion, has reference to the route as fixed originally by the corporate charter and this view finds support in the language, following upon the grant of power, viz.: "if it shall appear to them (the directors) that the line can be improved thereby." The change, or alteration, of route contemplated must be one affecting the line of road as laid out. For reasons bearing upon the convenience, or facility, of operating the road and *Page 467 
of the hauling of its trains, or a better service for the public along the line of the railroad, lateral changes or alterations might be authorized. The power to change the termini, or to locate them in adjoining counties, should be allowed a reasonable operation; not one which would permit what, actually, will be the construction of a new line of railroad in extension of the existing route. The plaintiff's line had been once located between terminal points and if, upon the plea of a change of terminus or route, it may extend its line seven miles further and reach another town, its power must be regarded as only restricted by the territorial limits of the counties adjoining each terminus and indefinite extensions within that area were possible. That in the change of a terminus to an adjoining county some new road will have to be constructed and, therefore, that there is implied, pro tanto, the power to construct some extension, may be true; but the reasonable construction, which the language of the statute should receive, and considerations of public policy require that the right to change a terminus should be limited to such other location thereof, as will subserve the operation of the existing road and its particular convenience in the transportation of passengers and of freight as an existing route. Precise, or literal, interpretation of a statute is not to be given, where it is open to construction and where to do so would unduly enlarge the grant of power and militate against a state policy.
I agree with the view expressed in the opinion of the Appellate Division; which, in considering the change as proposed in the petition to be unauthorized by the statute, holds that the change, or improvement, contemplated must be one for the purpose of benefiting the line located by the articles of association and must have reference to some feature of the line itself; such as an easier grade, or a lessened cost of construction and maintenance; not the mere reaching out into another territory for the purpose of increasing the business of the road. A public policy, with respect to the construction of new railroads is declared in section 59 of the Railroad Law; though, of course, by its terms, it is to apply only to railroad *Page 468 
corporations thereafter formed. It is now required that the board of railroad commissioners shall certify that public convenience and a necessity require the construction of a proposed railroad.
The case of Erie Railroad Co. v. Steward, (170 N.Y. 172), is not an authority in support of the plaintiff's claim. In that case, the plaintiff sought to condemn to its uses lands in the village of Goshen, for the purpose of traversing the village with other tracks, upon a different alignment. Its purpose was to retain its existing main line and to construct between two points, in a long curve upon the main line, two additional tracks, for greater facility in moving its freight trains; which purpose, if accomplished, would subserve a plan of completing a system of four tracks upon its New York division. The plaintiff's proceeding, there, was rested upon the power conferred in the provisions of subdivision 2 of section 4; subdivision 3 of section 7 and section 13 of the Railroad Law. None of these was deemed to confer the requisite power and with respect to section 13, which alone has any reference to the present case, it was held that the approval of the village trustees must first be obtained before the corporation could proceed to condemn the lands. We considered that, when the company had once located its line of road between terminal points, pursuant to its charter, it was concluded by that location and no change of its route could thereafter be made, in the absence of some legislative authority. In the discussion of the powers conferred by section 13, while holding that they existed for the purpose of altering, or changing, any part of a route, the reference was, obviously, to the route between the terminal points as they had been located. Such an alteration, or change of route, when within a city or a village, required for its authority that the approval of their proper authorities should be first obtained. The question in that case was, as it presents itself to us in the present case, whether the exercise of the power of eminent domain, to take the land in question for the purposes avowed, had been delegated by the legislature through the Railroad Law. *Page 469 
Our view of the statute, under which the plaintiff claims the right to proceed, is that the avowed purpose of the proceeding is not authorized by any reasonable construction of its provisions and that it would contravene the policy of the state to allow a railroad corporation, proceeding under the grant of power to change or to locate, its route, or terminus, in an adjoining county, to extend its line of road in the manner contemplated here. Such a change must be within reasonable limits and such as may be seen to be an actual improvement of the existing line, in affording to it greater conveniences, or greater facilities, in its operation and management.
For these reasons, I advise the affirmance of the order appealed from, with costs.