(114 App. Div. 874)

### NEW YORK CENT. & H. R. R. CO. v. ERNST et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

EMINENT DOMAIN—RAILROADS—TERMINAL FACILITIES—STATUTORY PROVISIONS.
    . Railroad Law, Laws 1890, p. 1084, c. 565, § 6, as amended by Laws 1892, p. 1384, c. 676, in relation to condemnation of lands by a railroad, and requiring the filing of a map and profile of route adopted, has no application to proceeding for the taking of additional land for terminal facilities, under Laws 1890, p. 1086, c. 565, § 7, as amended by Laws 1905, p. 2056, c. 727, when the railroad does not seek to change the route or lay out a new one.

    [Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 500.]

Appeal from Special Term, Westchester County.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Maurice L. Ernst and others.   From an order denying a motion to dismiss the petition, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH and MILLER, JJ.

Bernard M. L. Ernst (Oscar Lowenstein and Melville H. Crane, on the brief), for appellants.

George C. Andrews, for respondent.

MILLER, J.   The defendants appeal from an order denying their motion to dismiss a petition in condemnation proceedings on the ground of a failure to comply with the provisions of section 6 of the railroad law (Laws 1890, p. 1084, c. 565, as amended by Laws 1892, p. 1384, c. 676), requiring the filing of a "map and profile of the route adopted" and the service of notice therof upon the occupants of land proposed to be taken 15 days before the institution of proceedings.   The petition

contains the requisites prescribed by section 3360 of the Code of Civil Procedure, and is sufficient unless the filing of the map and profile and the giving of notice thereof were necessary. The land is sought for the purpose of providing additional terminal facilities required for the electrical operation of a portion of the respondent's road, and it undisputed that the taking of additional land for said purpose is authorized by section 7 of the railroad law (Laws 1890, p. 1086, c. 565, as amended by Laws 1905, p. 2056, c. 727), and the sole question presented here is whether the requirements of said section 6 apply to the taking of additional land authorized by said section 7, or whether said requirements are limited to the original laying out of the road and establishing of the route. The respondent does not seek to change its present route or lay out a new one; it simply seeks additional accommodations for its present line. The purpose of requiring the filing of a map and profile of the proposed route and notice thereof is made reasonably clear by the further provision of said section 6 for a proceeding to be instituted by the landowners to effect an alteration of the proposed route. Such reason cannot apply to the taking of additional land required by an existing road, unless at least such additional taking contemplates a change or extension of an existing route; and it has been decided that a taking for said latter purpose is not authorized by said section 7. See Matter of G. & J. Ry. Co. v. G. & S. R. R. Co., 172 N. Y. 462, 65 N. E. 278. So far as the question now presented is concerned, said section 6 is a virtual re-enactment of section 22, c. 140, p. 221, Laws 1850. Said act contained no provision for the acquisition of additional land, rendered necessary by increased demands after the original laying out of the route, and manifestly the provision respecting plan and profile of the route could only have referred to the original laying out. The taking of additional land was first authorized by the amendment of section 21 of said act, made by chapter 237, p. 441, Laws 1869, and, so far as pertinent here, said section 7 of the present law is a virtual re-enactment of said chapter 237, p. 441, Laws 1869. It was squarely held in two cases that the provision of said section 22, c. 140, p. 221, Laws 1850, respecting map and profile, did not apply to the taking of additional land authorized by said chapter 237, p. 441, Laws 1869; Matter of N. Y. C. & H. R. R. R. Co., 4 Hun, 381; Matter of S. Brooklyn R. R. & T. Co., 50 Hun, 405, 2 N. Y. Supp. 613. The appellants cite Matter of R. E. R. Co., 123 N. Y. 351, 25 N. E. 381, and Matter of G. & J. Ry. Co. v. G. & S. R. R. Co., 75 App. Div. 220, 78 N. Y. Supp. 24, affirmed 172 N. Y. 462, 65 N. E. 278; but in the first case the petition made no mention of the road previously built, and did not seek in any way to connect the proceeding with the original enterprise. It was therefore treated as an original laying out of a route. In the second case lands were sought for a proposed extension, which the court held was not authorized by said section 7.

Our conclusion is that the motion was properly denied, and the order should be affirmed, with $10 costs and disbursements. All concur.